UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62286-CIV-COHN

JACQUELINE ZIEMNIAK,

    Plaintiff,

v.

GOEDE & ADAMCZYK, PLLC;
AVENTINE AT MIRAMAR
CONDOMINIUM ASSOCIATION, INC.;
and NEW HOUSE TITLE, LLC,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

**THIS CAUSE** is before the Court on Defendant Aventine at Miramar Condominium Association, Inc.'s Motion to Dismiss Count IV and Count V of Plaintiff's Amended Complaint [DE 30] ("Aventine's Motion"), Defendant Goede & Adamczyk, PLLC's Motion to Dismiss Amended Complaint [DE 35] ("Goede's Motion"), and Defendant New House Title, LLC's Motion to Dismiss [DE 43] ("New House's Motion") (collectively, "Motions"). The Court has considered the Motions, their respective responses and replies, the record, and is otherwise fully advised in the premises.

## I. BACKGROUND

On October 25, 2011, Plaintiff Jacqueline Ziemniak ("Plaintiff") brought this action against Defendants Aventine at Miramar Condominium Association, Inc. ("Aventine"), and Goede & Adamczyk, PLLC ("Goede"), alleging that they attempted to collect a debt from Plaintiff in a manner that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(2), 1692f(1) , and the Florida Consumer Collection

Practices Act ("FCCPA"), Florida Statutes §§ 559.72(9), 559.75.  See Compl. [DE 1], ¶ 20.  On April 16, 2012, Plaintiff filed an Amended Complaint [DE 27], adding a state-law negligence claim against New House Title, LLC ("New House"), which issued her title insurance policy.  Plaintiff alleges that New House "intentionally or negligently failed to disclose to Plaintiff that there were several years of past due condominium payments due and owing when Plaintiff purchased the dwelling at issue."  Am. Compl., ¶ 35.

In their Motions to Dismiss, Goede and Aventine contend that Plaintiff has failed to state a claim under the FDCPA or FCCPA.  New House, in its Motion to Dismiss, asserts that the Court lacks supplemental subject-matter jurisdiction over Plaintiff's state-law negligence claim.  New House further contends that, even if the Court had jurisdiction, the claim would be barred by the economic loss rule.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint must "give the defendant fair notice of what the [] claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the Complaint as true and accept all reasonable inferences therefrom. Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. ANALYSIS

#### A. Plaintiff's FDCPA and FCCPA claims

Here, Plaintiff brings claims against Goede and Aventine under the FDCPA and FCCPA. In order to state a claim under the FDCPA, a plaintiff must allege that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000). The FCCPA has parallel requirements to state a claim. See Elmore v. Ne. Fla. Credit Bureau, Inc., Case No. 3:10-cv-573-J-37JBT, 2011 WL 4480419, at *2 n.5 (M.D. Fla. Sept. 27, 2011). In Count 1 of the Amended Complaint, Plaintiff alleges that Goede violated the FDCPA, but does not cite a specific section thereof. See Am. Compl. ¶¶ 23-25. In Count 2, Plaintiff claims that Goede violated 15 U.S.C. § 1692e(2), which prohibits the false representation of the status of any debt, or of the compensation that a debt collector may receive.

See 15 U.S.C. § 1692e(2); Am. Compl. ¶¶ 26-28.  In Count 3, Plaintiff avers that Goede violated 15 U.S.C. § 1692f(1), which prevents debt collectors from collecting any amount other than that expressly permitted by law or the agreement creating the debt. See 15 U.S.C. § 1692f(1); Am. Compl. ¶¶ 29-31.  Count 4 alleges that Goede and Aventine violated Florida Statutes § 559.72(9), which prohibits collecting on consumer debts that the collector knows are not legitimate.  See Fla. Stat. § 559.72(9); Am. Compl. ¶¶ 32-33.  Count 5 claims that Goede and Aventine violated Florida Statutes § 559.75, which was repealed by the legislature on October 1, 1981.  See Fla. Stat. § 559.75; Am. Compl. ¶ 34.

Plaintiff does not describe the nature or amount of the debt, except that it "[arose] from transactions incurred for personal, family, or household purposes." See Am. Compl. ¶ 16.  She does not allege the manner in which Goede and Aventine tried to collect the debt, or the false representations that they made.  She claims only that they knew the debt was "not legitimate."  See id., ¶ 17.  Counts 1 through 4, as presently pleaded, do not give fair notice to Defendants as to the nature of the claims asserted and will be dismissed without prejudice.  Count 5 — alleging violation of a repealed statute — does not state a claim for relief, and will be dismissed with prejudice.

### B. Plaintiff's Negligence Claim

New House seeks to dismiss Plaintiff's negligence claim (Count 6) for lack of subject-matter jurisdiction and because it is barred by the economic loss rule.  Federal subject-matter jurisdiction generally exists only when a controversy involves a question of federal law or diversity of citizenship between the parties.  See 28 U.S.C. §§ 1331-

1332.  However, a court may assert supplemental jurisdiction over additional claims when they arise from the same "nucleus of operative fact" as those over which there is federal subject-matter jurisdiction.  See Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 743 (11th Cir. 2006); 28 U.S.C. § 1367.  Here, Plaintiff sued Goede and Aventine under federal-question jurisdiction, and argues that her state-law claim against New House arises from the same set of facts as her FDCPA claims.  The Court disagrees.  Plaintiff has given almost no factual predicate for her federal claims.  As a result, she has not yet shown that the negligence claim and federal claims share a common nucleus of operative fact.  Therefore, the Court lacks supplemental jurisdiction over the negligence claim and it must be dismissed.

If this were the claim's only flaw, the Court might grant Plaintiff leave to amend it to adequately allege subject-matter jurisdiction.  However, the negligence claim is also precluded by the economic loss rule.  "The economic loss rule bars tort actions 'when the parties are in contractual privity and one party seeks to recover damages in tort for matters arising from the contract."  See Chicago Title Ins. Co. v. Commonwealth Forest Invs., Inc., 494 F. Supp. 2d 1332, 1337 (M.D. Fla. 2007) (citing Indem. Ins. Co. of N. Am. v. Am. Aviation, 891 So. 2d 532, 536 (Fla. 2004)).  The purpose of the economic loss rule is to honor the contractual expectations and allocation of risk decided upon by the parties.  State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc., 427 F. App'x 714, 719 (11th Cir. 2011) (per curiam).  Here, the negligence claim arises from New House's alleged breach of a title insurance policy by failing to disclose that there were payments due and owing on Plaintiff's property.  See First Am. Compl., ¶¶ 14, 35.  As the Chicago Title court noted, "The title search and list of encumbrances are integral

5

parts of a title insurance policy because they shape the allocation of risk between the insurer and insured." 494 F. Supp. 2d at 1337.  Accordingly, the court concluded that a negligence claim arising out of a title agent's failure to disclose was precluded by the economic loss rule.  See id. at 1338.  This Court agrees with the findings in Chicago Title, and concludes that Count 6 is precisely the type of breach of contract for which Plaintiff cannot recover in tort.  Accordingly, Count 6 will be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant Goede & Adamczyk's Motion to Dismiss Amended Complaint [DE 35] is **GRANTED**.  Counts 1, 2, and 3 of the Amended Complaint [DE 27] are **DISMISSED without prejudice**.

2. Defendant Aventine at Miramar Condominium Association, Inc.'s Motion to Dismiss Count IV and Count V of Plaintiff's Amended Complaint [DE 30] is **GRANTED**.  Counts 4 of the Amended Complaint is **DISMISSED without prejudice**.  Count 5 of the Amended Complaint is **DISMISSED with prejudice**.

3. Defendant New House Title, LLC's Motion to Dismiss [DE 43] is **GRANTED**.  Count 6 of the Amended Complaint [DE 27] is **DISMISSED with prejudice**.

4. The Court will enter a separate order concerning Plaintiff's Motion for Leave to File Second Amended Complaint [DE 60].

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 19th day of November, 2012.

*[Signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF